Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

Hallie Diethelm Caldarone (*admitted pro hac vice*)
CaldaroneH@jacksonlewis.com
Michael C. Stepien (*admitted pro hac vice*)
Michael.stepien@jacksonlewis.com
**JACKSON LEWIS P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL  60601
Tel: (312) 787-4949
Fax: (312) 787-4995
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANITA SANHUEZA, WENDY GUZMAN, and DANIELLE JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LINCOLN TECHNICAL INSTITUTE, INC., LINCOLN EDUCATIONAL SERVICES CORPORATION, EUPHORIA ACQUSITION, LLC, NEW ENGLAND INSTITUTE OF TECHNOLOGY AT PALM BEACH, INC., SHAUN E. MCALMONT, CESAR RIBEIRO, and BRIAN K. MEYERS,<br><br>Defendants. | Case No. 2:13-cv-02251-JAD-VCF<br><br><br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Named Plaintiffs, ANITA SANHUEZA, WENDY GUZMAN and DANIELLE JOHNSON ("Plaintiffs") and Defendants, Lincoln Technical Institute, Inc.; Lincoln Educational Services Corporation; Euphoria Acquisition, LLC; New England Institute of Technology at Palm Beach, Inc.; Shaun E. McAlmont; Cesar Ribeiro; and Brian K. Meyers ("Defendants"), (collectively, the "Parties"),

hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

**I.     Definitions and Terms**

1.     "Confidential Information" means any document, information, or material involving or containing trade secrets, confidential business or financial information, or any portion of a third party's personnel file, which the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains a proprietary or confidential information, or information to which an individual or company has an established and legitimate right to privacy or confidentiality.  The information generally includes, but is not limited to, information concerning Defendants' corporate financial information, other confidential business information, dates of birth and social security numbers of parties to this litigation, and any other information reasonably believed by the designating party as worthy of protection as privileged.  It may also include, as needed, similar information of third-parties.

2.     Confidential Information.  In providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" the whole or any part of discovery material which constitutes proprietary or personal data, personal information, personal identifying information, financial information, contracts and/or similar sensitive business or personal information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in personal, character or economic injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

3. "Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

4. "Discovery Material(s)" means any Confidential Information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

5. Use of Confidential Information in Depositions. Any party shall have the right to use Confidential Information during depositions. However, to the extent a third party deponent is present, that third party deponent shall be required to execute a copy of the form Attachment A. At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a party deems that the answer to the question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order. When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Section 6 and to the testifying third party deponent, and the information contained therein shall be used only as specified in this Stipulation and Order. Moreover, all originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty (30) days of receiving the

transcript. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the Parties as set forth herein. During the thirty (30) day period, the entire transcript shall be treated as confidential. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

6. Disclosure of Confidential Information. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

(a) Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

(b) A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c) Outside experts, investigators, agents or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(d) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(e) This Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

(f) Court reporter(s) and videographer(s) employed in this action;

(g) Persons whom are contacted by counsel for a party or investigators or other personnel retained by such counsel for the purposes of gathering information either for the defense or prosecution of this case, to the extent that a good faith belief exists that disclosure of such confidential information is helpful to that information gathering process and

(h) Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), (e) or (f) or (g) or (h) of paragraph 6 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (c) or (g) or (h) of paragraph 6 shall also be required to execute a copy of the form Attachment A.

7. "Document" is defined as the term is used in Federal Rule of Civil Procedure 34.

8. "Under Seal" is defined as sealing confidential documents consistent with the procedure laid out by LR 10-5(b) of the Local Rules for the District of Nevada. In the event that the court publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

**II.     Types of Materials that May be Designated as Confidential**

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party

or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the producing party or by court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" may be disclosed to any person except as permitted in Section IV below.

**III.     Designation of Discovery Materials as Confidential**

A producing party may designate as confidential Discovery Materials containing Confidential Information by stamping or otherwise marking the designated material as "Confidential." and producing and listing it on the log. Each Party shall maintain a log for the documents they have produced that have been designated "Confidential," and produce an updated log, containing all designations, when producing documents or information that are designated "Confidential." The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

Any disclosed documents that are not appropriately stamped "Confidential," may be filed in the normal course, subject to the United States District Court's rules regarding redaction of personal identifying information. The parties agree not to stamp documents as "Confidential" merely because they contain social security numbers or dates of birth, but agree to treat dates of birth and social security numbers as Confidential under this Order and shall redact the same from

all filings. The parties will not be required to comply with Section V.5. of this Order with respect to documents or testimony with dates of birth and social security numbers, but rather should redact such items before filing.

### IV. Permissible Use of "Confidential" Information, Documents, or Materials

Notwithstanding section II, documents stamped "Confidential" may only be disclosed to the persons designated in paragraph 6 as well as: (i) the Parties; (ii) all attorneys representing the Parties in this matter; (iii) para-professionals, secretaries, and other non-attorney personnel that are employed by firms or by individual attorneys representing the Parties in this matter but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter; (iv) witnesses in advance of their planned deposition or court testimony but only for the purposes of preparing for the same and if they execute a copy of the form at Attachment A; and (v) the court and all court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial. To the extent such Confidential information may be disclosed to court personnel or filed with the Court it may, upon a showing sufficient to satisfy the requirements of the Court concerning sealed documents, be done Under Seal.

Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law. If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking

information designated as "Confidential" pursuant to this Order, the subpoenaed party shall: (i) promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential"; and (ii) respond to any effort to enforce such subpoena, request, demand, or other legal process by setting forth the existence of this Protective Order. The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process.  Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

**V.      Miscellaneous**

1. The provisions of this Protective Order shall not terminate at the resolution of this matter.

2. Within one hundred and twenty (120) days after the final conclusion of this matter documents stamped "Confidential" and all copies of such documents, other than exhibits of record, shall be destroyed or returned to the party who produced the documents and designated them as "Confidential."

3. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.  This Protective Order, however, shall not be modified absent an order of the court or the written agreement of all the Parties hereto.

4. Any party may dispute, in good faith, a designation of Confidential status as to any particular documents or testimony by advising, in writing, counsel making that designation of that

dispute. The party seeking to preserve that Confidential designation must then make a motion to the Court for a protective order to maintain the confidential status of such documents or testimony within 21 days of the mailing of such written dispute. The party seeking to preserve that Confidentiality designation shall bear the burden of establishing that confidential status is appropriate for the disputed documents or testimony, the confidential status of the same will be maintained until the Court rules on such dispute.

5. Any party that seeks to submit or file Confidential documents or testimony to the Court shall provide written notice as soon as practical to the party designating the same as Confidential. Notice in this paragraph shall be achieved by counsel for the party desiring to submit the Confidential documents sending a letter via email and First-Class mail to counsel for the party designating the same as Confidential. If the Court's procedures allow the filing of those Confidential material under seal without a motion, they shall be so submitted under seal. If the Court's procedures do not allow such a filing, and require an application to the Court and the issuance of a Court Order to either allow such an under seal filing or maintain the same, the party designating the Confidential documents or testimony shall have the burden of promptly making such a motion and securing such an Order from the Court. The party wishing to submit or file the documents or testimony marked Confidential shall not do so until direction from the Court on the motion to file under seal and shall insert redacted documents or testimony or blank placeholders with the filings or submissions without the Confidential material. If such a motion and order is required prior to the filing of such Confidential materials or testimony with the Court under seal, the party seeking to maintain the Confidential status of the same shall make that motion within ten (10) business days of receipt of the written notice that such a motion needs to be made. All deadlines for the submission of motions or other documents to the Court shall allow an additional fifteen (15) business days past that deadline for the submission of Confidential testimony and

documents under seal in connection with the same, via a motion to seal such documents, unless the Court's procedures allows the initial filing of those Confidential materials without the need for such a motion.  If that fifteen (15) business day period passes without the submission of such a motion to file those Confidential materials under seal, the party seeking to file those materials with the Court may do so without the materials being sealed but only after contacting via phone the counsel for the other party and verifying that the party will not be making a motion to file the Confidential materials under seal.

DATED this 17th day of June, 2014.

| LEON GREENBERG PROFESSIONAL CORPORATION | JACKSON LEWIS P.C. |
|---|---|
| /s/ Leon Greenberg | /s/ Elayna J. Youchah |
| Leon Greenberg, Esq.<br>2965 South Jones Boulevard E-4<br>Las Vegas, NV 89146 | Elayna J. Youchah, Bar No. 5837<br>3800 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada  89169 |
| *Attorneys for Plaintiff* | Hallie Diethelm Caldarone (*pro hac vice*)<br>Michael C. Stepien (*pro hac vice*)<br>150 North Michigan Avenue<br>Suite 2500<br>Chicago, Illinois  60601<br><br>*Attorneys for the Defendants* |

**ORDER**

IT IS SO ORDERED  June 18                                          , 2014.

_____
~~United States District Judge~~
United States Magistrate Judge

**Attachment A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on _____ [date] in the case of *Sanhueza et al. v. Lincoln Technical Institute, et al.*, Case No. 2:13-cv-02251-JAD-VCF.  I agree to comply with and to be bound by a the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court, District of Nevada, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____