# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
***

ANITA SANHUEZA, *et al.*,

                   Plaintiff,

vs.

LINCOLN TECHNICAL INSTITUTE, INC., *et al.*,

                   Defendants.

Case No. 2:13–cv–2251–JAD–VCF

**<u>ORDER</u>**

    This matter involves Anita Sanhueza's class action against the Lincoln Technical Institute, *et al.*, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 206. (*See* Compl. (#1) at ¶ 52). Before the court is Sanhueza's Motion to Compel (#67). Defendants filed an opposition (#68); and Sanhueza replied (#71). For the reasons stated below, Sanhueza's Motion to Compel is granted.

## BACKGROUND

    Sanhueza's action presents one question: whether, under the Fair Labor Standards Act, Sanhueza had an "employment relationship" with Euphoria Salon when she was a student at the Euphoria Institute of Beauty Arts and Sciences. (Pl.'s Mot. to Compel (#67) at 2:7–12). Sanhueza contends that she performed services for Euphoria's paying customers, which created an employment relationship between her and the salon. (*Id.*)

    On October 2, 2014, Sanhueza filed the instant Motion to Compel. It seeks the names and contact numbers of every customer that she provided cosmetology services to while studying at the Euphoria Institute. (Doc. #67 at 3:14–15). Defendants oppose the motion, arguing that Sanhueza's discovery request seeks private information that is not reasonably calculated to lead to the discovery of admissible evidence. (*See* Def.'s Opp'n (#68) at 5:8). This order follows.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 governs discovery's scope and limits. It states that a party "may obtain discovery regarding any nonprivildged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). A discovery request is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 26 provides for liberal discovery to serve "the integrity and fairness of the judicial process by promoting the search for the truth." *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

If, as here, a party resists discovery, Rule 37 authorizes the requesting party to file a motion to compel. FED. R. CIV. P. 37(a)(1). The motion must include a threshold showing of relevancy. *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). If the requesting party makes this showing of relevancy, the resisting party carries a "heavy burden." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). That party must demonstrate that the discovery request is irrelevant, duplicative, unduly costly or burdensome, overly broad, or disproportional in light of "the issues at stake." FED. R. CIV. P. 26(b)(2)(C); The reasons why each request is improper must be specifically detailed. *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 472–76 (9th Cir. 1992).

**DISCUSSION**

Sanhueza's Motion to Compel is granted for two reasons. First, contrary to Defendants' contention, Sanhueza made a threshold showing of relevancy. Sanhueza moves to compel customer contact information to obtain testimony "regarding the plaintiffs' activities in the salons and spas, the amount of supervision, if any, . . . and the overall circumstances of the plaintiffs' activities in the salons and spas while performing customer services." (Doc. #67 at 4:13–18). This is relevant to Sanhueza's claim. She alleges that she and the salon had an "employment relationship" under the Fair Labor

Standards Act. Whether an employment relationship exists is governed by the "economic realities" test. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 726 (1947). In the Ninth Circuit, courts consider four factors when applying this test, including the individual's level of supervision. *Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983).

Second, Defendants failed to carry their "heavy burden" and specifically detail why Sanhueza's request is improper. *Blankenship*, 519 F.2d at 429; *Beckman Indus.*, 966 F.2d at 472–76. Defendants argue that Sanhueza's request is improper because it (1) violates third parties' (i.e., Defendants' customers) privacy interests and (2) Sanhueza failed to show that the information she is "unable to obtain the information . . . from other sources." (Def.'s Opp'n (#68) at 5–6). These arguments are unpersuasive.

Federal courts are sensitive to customers' privacy interests and routinely grant businesses protective orders, which permit businesses to redact customer information or produce customer information under seal. *See, e.g.*, Fed. R. Civ. P. 5.2, 26(c). These protective orders are designed to prevent sensitive personal information from being publically displayed on the internet through the court's docket. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, however, Defendants rely on their customers' privacy rights as a basis for resisting discovery. This is mistaken. Generally, a business cannot vicariously assert its customers' rights to litigate its own claims and defenses. *See Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 65 (1973).

Defendants' second argument is also mistaken. In certain circumstances, a party may be required to demonstrate that it cannot obtain information from "other sources." *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947) (discussing the work-product doctrine); *LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 597 (D. Nev. 2012) (discussing the same). In the circumstances of this case, however,

Rule 26 contains no requirement that a plaintiff obtain information from "other sources" before requesting the information from an adverse party.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Anita Sanhueza's Motion to Compel (#67) is GRANTED.

DATED this 18th day of November, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE