**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

WENDY GUZMAN, *et al.*,

          Plaintiffs,

vs.

LINCOLN TECHNICAL INSTITUTE, INC. *et al.*,

          Defendants.

Case No. 2:13–cv–2251–RFB–VCF

**ORDER**

**MOTION TO COMPEL (#81)**
**MOTION TO EXTEND TIME (#89)**

      This matter involves Wendy Guzman's class action against the Lincoln Technical Institute, *et al.*, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 206. (*See* Compl. (#1) at ¶ 52). Before the court is Guzman's Motion to Compel (#81). Defendants filed an opposition (#87); and Guzman replied (#88). Also before the court is Guzman's unopposed Motion to Extend Time (#89). For the reasons stated below, both motions are denied.

**BACKGROUND**

      Guzman's action presents one question: whether, under the Fair Labor Standards Act, Guzman had an "employment relationship" with Euphoria Salon when she was a student at the Euphoria Institute of Beauty Arts and Sciences. *See, e.g.*, (Pl.'s Mot. to Compel (#67) at 2:7–12). Guzman contends that she performed services for Euphoria's paying customers, which created an employment relationship between her and the salon. (*Id.*)

      The parties are in the midst of discovery. On November 25, 2014, Guzman deposed Mark DeCola, Euphoria's Rule 30(b)(6) representative. *See* (DeCola Depo. #81-1). DeCola admitted that computer records regarding revenue generated by the putative class are imperfect. The parties identified 2 errors

among 141 entries recording putative class' revenue. (Reply #88 at 3:7–10). This represents "an inconsistency rate of 1.4%." (*Id.*)

On March 10, 2015, Guzman filed the instant Motion to Compel. She requests an order compelling the salon to produce the underlying documents in order to verify the accuracy of the records. Guzman argues that the underlying documents are relevant to the salon's "*de minimis* defense," which lacks "any support in the law." (Reply #88 at 2:19–20). According to Guzman, the salon intends to argue that the no employment relationship existed because the putative class produced *de minimis* revenue for the salon. In response, the salon contends that Guzman's discovery request is overly burdensome and the underlying information is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

On April 7, 2015, Guzman filed the instant Motion to Extend Time. Guzman requests an order extending the duration of time for the Nevada State Board of Cosmetology to comply with a subpoena.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs discovery's scope and limits. It states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). A discovery request is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rule 26 provides for liberal discovery to serve "the integrity and fairness of the judicial process by promoting the search for the truth." *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

If, as here, a party resists discovery, Rule 37 authorizes the requesting party to file a motion to compel. FED. R. CIV. P. 37(a)(1). The motion must include a threshold showing of relevancy. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). If the requesting party makes this showing of relevancy, the resisting party carries a "heavy burden." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). That party must

demonstrate that the discovery request is irrelevant, duplicative, unduly costly or burdensome, overly broad, or disproportional in light of "the issues at stake." FED. R. CIV. P. 26(b)(2)(C); The reasons why each request is improper must be specifically detailed. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–76 (9th Cir. 1992).

## DISCUSSION

Guzman's Motion to Compel is denied. Guzman seeks additional documents that are relevant to a defense, which allegedly lacks "any support in the law." *See* (Reply #88 at 2:19–20). Guzman contends that she requires these documents because the previously produced records have "an inconsistency rate of 1.4%." (*Id.*) These inconsistences allegedly raise concerns about the accuracy of the salon's production and the revenue Guzman and her cohorts generated. (*Id.*)

Rule 26(b)(2)(C)(iii) states that the court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case" and "the importance of the issues at stake." Here, Guzman argues that the salon's *de-minimis*-revenue defense is meritless and that the records relevant to that defense appear to be 98.5% accurate. She nonetheless seeks additional documents to verify the accuracy of the salon's production. Under these circumstances, Rule 26(b)(2)(C)(iii)'s proportionality concerns require the court to deny Guzman's request.

The court also denies Guzman's Motion to Extend Time on because Guzman lacks standing. Guzman requests an order extending the duration of time for the Nevada State Board of Cosmetology to comply with a subpoena. *See generally* (Doc. #89). Guzman lacks standing to request relief on behalf of a third person. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court does not reach the merits of Guzman's request and makes no finding regarding the timeliness of the Board's production.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Guzman's Motion to Compel (#81) is DENIED.

IT IS FURTHER ORDERED that Guzman's Motion to Extend Time (#89) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE